UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MAUREEN NICHOLSON,
*individually and on behalf of all others similarly situated*,

  Plaintiff,

vs.

TRACFONE WIRELESS, INC. d/b/a
SAFELINK WIRELESS,

  Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Maureen Nicholson brings this class action against Defendant Tracfone Wireless, Inc. d/b/a Safelink Wireless and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), and its implementing regulations.

2. To market its products, goods, and services, Defendant engages in unsolicited text messaging, even after consumers, like Plaintiff, have requested for Defendant to stop sending them messages.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of herself and the Class members, as

defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Hernando County, Florida, and the subscriber and/or sole user of the cellular telephone number 352-***-6431 (the "6431 Number").

5. Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters at 9700 NW 112th Avenue, Miami, FL 33178.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Plaintiffs seek up to $1,500.00 in damages for each text message call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

**FACTS**

8.      Between April 23, 2021 and June 3, 2021, Defendant bombarded Plaintiff's 6431 Number with text message solicitations and ignored Plaintiff's repeated opt-out requests as depicted by the following text message exchange between Defendant and Plaintiff:

> **70133**
>
> Fri, Apr 23, 12:52 PM
>
> SafeLink: Get FREE Unlimited Talk, Text & Data plus 5GB of Hotspot w/ the temporary Emergency Broadband Benefit. Visit http://sflnk.co/347yGa5 to apply. STOP to End
>
> **Stop**
>
> Fri, Apr 30, 10:53 AM
>
> SafeLink: Get FREE Unlimited Talk, Text & Data plus 5GB of Hotspot w/ the temporary Emergency Broadband Benefit. Visit http://

> 70133 >
>
> Fri, Apr 30, 10:53 AM
>
> SafeLink: Get FREE Unlimited Talk, Text & Data plus 5GB of Hotspot w/ the temporary Emergency Broadband Benefit. Visit http://sflnk.co/NQoQYMR to apply. STOP to End

Fri, Apr 30, 2:20 PM

**Stop**

> Thu, May 6, 5:21 PM
>
> SafeLink: Limited time Benefit Upgrade! Receive FREE Unlimited Talk, Text and Data plus 10GB of

> 70133 >
>
> Thu, May 6, 5:21 PM
>
> SafeLink: Limited time Benefit Upgrade! Receive FREE Unlimited Talk, Text and Data plus 10GB of Hotspot. Visit safelink.com to learn more or call 800-727-1963

**Stop**

Fri, May 14, 11:29 AM

> SafeLink: Limited time Benefit Upgrade! Receive FREE Unlimited Talk, Text and Data plus 10GB of Hotspot. Visit safelink.com to learn more or call





9. The purpose of Defendant's messages was to advertise and promote Defendant's products and services as demonstrated by the content of the messages.

10. Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

11. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

12. Plaintiff is the subscriber and/or sole user of the 6431 Number and is financially responsible for phone service to the 6431 Number. Plaintiff primarily uses the 6431 Number for residential purposes.

13. Plaintiff never provided Defendant with express consent to contact her on the 6431 Number with text message solicitations.

14. Plaintiff revoked any type of consent or permission Defendant may have had to contact her with text message solicitations as depicted in the text messages above.

15. Defendant failed to honor and abide by Plaintiff's opt-out requests and continued to repeatedly text message Plaintiff after she asked for the messages to stop.

16. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

17. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to institute procedures for maintaining a list of persons who request not to receive telemarketing calls.

18. Defendant's failure to abide by Plaintiff's opt-out requests is indicative of Defendant's failure to maintain an internal do not call list, as well as inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list.

19. Defendant's failure to abide by Plaintiff's opt-out requests demonstrates that Defendant does not record opt-out requests or place subscribers' names and telephone number on any do-not-call list at the time the requests are made.

20. Defendant's unsolicited text message calls caused Plaintiff to suffer injuries including annoyance and disruption to her daily life, as well as violation of Plaintiff's legal rights under the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

21. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of two classes and defined as:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message, (2) advertising,**

>   **marketing, and/or promoting Defendant's property, goods, and/or services, (3) to said person's cellular telephone number, (4) after making a request to Defendant to not receive future text messages.**

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

23. Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

25. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant continued to text message individuals after they requested for the messages to stop; [3] Whether Defendant failed to properly maintain and internal do-not-call list and procedures; [4] Whether Defendant's conduct was knowing and willful; [5] Whether Defendant is liable for damages, and the amount of such damages; and [6] Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited text messages to telephone is

accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

31. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> **(1)** *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

33. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

34. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

35. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

36. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

37. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

38. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

47 As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

48 Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for herself and each

  member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment;

h) An injunction requiring Defendant to cease all text messaging activity to individuals who have requested to be removed from Defendant's contact list;

i) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

j) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

k) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: June 16, 2021

        Respectfully Submitted,

        **HIRALDO P.A.**

        */s/ Manuel S. Hiraldo*
        Manuel S. Hiraldo, Esq.
        Florida Bar No. 030380
        401 E. Las Olas Boulevard
        Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713